John Gault, plaintiff in error, vs. The State of Georgia, defendant in error.

34   533
6117  703

A druggist selling at his drug store whisky, less than a quart, on the statement of a physician that it is wanted for medical purposes, is, if not licensed as a retailer of spirituous liquors, subject to indictment and conviction for retailing without a license.

Misdemeanor.    Tried in Whitfield Superior Court before JUDGE WALKER.    April Term, 1863.

The plaintiff in error was indicted for selling whisky by retail without a license.

*Thos. McAllister* testified, that he, the witness, was a practicing physician in Dalton, and that in December, 1862, one Mangum came to him for an order to the drug store of Black, Dowdy & Co., in Dalton, for some whisky for medical purposes—to make camphor, as he represented; that he wrote an order or certificate for one pint; that Mangum then stated to witness that he himself could not get the whisky with the order, because it was known that he was a drinking man, and asked witness to go for it, as he was a physician; that witness went, and stated to Gault, the plaintiff in error, who was the clerk in the drug store, that he wanted the whisky for Mangum; that Gault refused to let him have it, until witness stated that it was for medical purposes—that it was all right, and to let Mangum have it; that Gault then, Mangum not being present, went and got a pint of whisky for Mangum, and witness paid for it.   He testified, further, that Dr. Black, one of the owners of the drug store, was a physician, and that Gault was his drug clerk.

It was admitted that Dr. Black was a regular physician, and that the firm carried on the drug business, and put up prescriptions for physicians in their business.

The Court charged the jury as follows: "It is insisted that defendant is not guilty, because Dr. Black, one of the firm of Black, Dowdy & Co., the owners of the drug store, is a licensed physician, and therefore defendant, as a clerk of the firm, is authorized to sell spirituous liquors by retail, when the same is intended for medical purposes.   In the opinion of the Court, such is not the law.   The fact that Dr. Black is a licensed physician does not justify the defendant in selling spirituous liquors by retail, and if it has been proved that defendant sold spirituous liquors in quantities less than

one qaurt, you should find him guilty; otherwise, not guilty. I find no authority in the statute to sell on the order or certificate of any one, without a license."

This charge is complained of as erroneous.

AKIN, for plaintiff in error.

PARROTT, Solicitor General, for the State.

HARRIS, J.

If in fact whisky was what it has been argued to be, a drug, then, we apprehend, the payment by an apothecary for a license to vend drugs would have protected him against this indictment. We are old fashioned, and perhaps ignorant of the expansion of many words in modern use, amongst them the word " drug." We have grown up with the idea, that drugs were compounds, mostly of mineral, animal, or vegetable substances, made by apothecaries and others, and used as medicine in the treatment of disease, and commonly called physic. We cannot well see how whisky can be, with propriety, included in the term last used. That term carries along it with an idea, inseparable from it, of something repulsive, nauseous—at which the gorge heaves. Whisky, on the contrary, is inviting, exhilarating; and to procure it, many a poor wretch will sell the last cow which gives sustenance to his little children, the bed, even, on which a miserable wife, who clings to him in sunshine and in storm, lies down at night to recruit her strength for the morrow's toil. Can that be a drug that is, so loved, and for which thousands are daily sacrificing every thing which should be dear to man on earth, and even the hope of Heaven?

It is certainly sometimes taken medicinally ; never as a drug.

Nor will whisky fall within another sense of the term drug, viz, that of being a commodity that lies on one's

hands, and is not saleable in market; or, an article of slow sale, and for which there is little demand. If these are the characteristics of a drug, is it not a palpable misnomer to call whisky one?

So much in answer to the argument. The record shows that plaintiff in error did sell whisky in a quantity less than a quart. To vend it in less quantity than a quart requires a license to be had. Without such license, the vendor is a violator of a revenue law of the State, and is punishable, when convicted, by fine. Apothecaries, physicians, merchants, hotel-keepers, indeed, all persons who retail spirituous liquors in a quantity less than a quart, must obtain, direct, a license upon the payment of the sum fixed by law, or take the consequences of their failure.

Judgment affirmed.